IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHINOOK LICENSING DE., LLC, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) C.A. No. 14-074 (LPS) ) |
| HULU, LLC, | ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) ) |

## HULU, LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO CHINOOK LICENSING, DE LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Hulu, LLC ("Defendant" or "Hulu"), by and through its undersigned counsel, hereby responds below to the Complaint of Chinook Licensing DE, LLC ("Plaintiff" or "Chinook") in this action. Hulu denies all allegations of the Complaint that are not expressly admitted herein. Each paragraph of this Answer corresponds to the same-numbered paragraph in the Complaint.

### NATURE OF THE ACTION

1.  Hulu admits that the Complaint purports to initiate an action for patent infringement arising under the patent laws of the United States, contained in Title 35 of the United States Code.

### THE PARTIES

2.  Hulu lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and to that extent denies the same.

3.  Hulu admits that it is a Delaware corporation and that its registered agent is The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801. Hulu denies the remaining allegations of paragraph 3.

4.  Denied.

## JURISDICTION AND VENUE

5. Hulu admits that this Court has subject matter jurisdiction over claims for patent infringement. Hulu denies it has committed any act that would give rise to any cause of action asserted in the Complaint.

6. For the purpose of this lawsuit only, Hulu does not contest personal jurisdiction of this Court over Hulu. Hulu denies that it has committed any act in this judicial district or elsewhere that would give rise to any cause of action asserted in the Complaint. Hulu denies the remaining allegations in paragraph 6.

7. For the purpose of this lawsuit only, Hulu does not contest personal jurisdiction of this Court over Hulu. Hulu admits its website can be accessed by individuals in this District. Hulu lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7, and to that extent denies the same.

8. Hulu admits its website can be accessed by individuals in this District. Hulu denies that it has committed patent infringement in the State of Delaware and in the District of Delaware. Hulu lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8, and to that extent denies the same.

9. Denied.

10. Hulu admits that there is venue in this District but denies that venue in this District is the most appropriate. Hulu denies that it has committed any infringing act in this judicial district or elsewhere that would give rise to any cause of action asserted in the Complaint.

## PATENT-IN-SUIT

11. Hulu admits that the Complaint alleges infringement of U.S. Patent No. 7,047,482 (the "'482 patent").

12. Hulu denies the '482 patent was duly and legally issued. Hulu lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12, and to that extent denies the same.

13. Hulu denies that it commercializes methods that perform all the steps recited in any claim of the '482 patent. Hulu lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13, and to that extent denies the same.

## DESCRIPTION OF THE ACCUSED PRODUCT

14. Hulu admits that it provides video recommendations to Hulu users. Hulu denies the remaining allegations in paragraph 14.

15. Denied.

16. Denied.

17. Denied.

## COUNT I
## INFRINGEMENT OF THE '482 PATENT

18. Hulu incorporates its answers in paragraphs 1-17 herein by reference.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Hulu denies that Chinook has reserved the right to request a finding of willful infringement at the time of trial. The Complaint fails to properly allege willful infringement.

25. Denied.

26. Denied.

27. Denied.

## JURY DEMAND

28. No response to Chinook's jury demand is required.

## PRAYER FOR RELIEF

Hulu denies Chinook is entitled to any of the relief requested in the Complaint.

## DEFENSES

29. Hulu incorporates the above admissions and denials in paragraphs 1-28.

### FIRST DEFENSE (Failure to State a Claim)

30. Chinook's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE (No Infringement)

31. Hulu does not infringe and has not infringed any valid and enforceable claim of the '482 patent, either literally or under the doctrine of equivalents. Hulu also does not induce, and has not induced, infringement of any valid and enforceable claim of the '482 patent.

### THIRD DEFENSE (Invalidity)

32. Each asserted claim of the '482 patent is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

### FOURTH DEFENSE (Prosecution History Estoppel)

33. By reason of statements, representations, admissions, concessions, arguments, and/or amendments made by and/or on behalf of the applicants to and by the U.S. Patent & Trademark Office ("PTO") during the prosecution of the patent applications that led to the issuance of the '482 patent, Chinook's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or disclaimer, because none of the claims can be properly construed as covering any activity or product of Hulu.

### FIFTH DEFENSE (No Inducement--Lack of Notice)

34. Prior to filing its Complaint, Chinook never provided Hulu with notice of the '482 patent.

35. Because Chinook failed to provide Hulu with notice of the '482 patent prior to commencing suit, Hulu cannot be liable for inducing infringement of the '482 patent prior to the date Chinook filed suit, and Chinook cannot prevail on its pre-suit induced infringement claim on the '482 patent.

### SIXTH DEFENSE (No Willfulness--Lack of Notice)

36. Prior to filing its Complaint, Chinook never provided Hulu with notice of the '482 patent.

37. Because Chinook failed to provide Hulu with notice of the '482 patent prior to commencing suit, Hulu cannot be liable for willfully infringing the '482 patent, and Chinook cannot prevail on a willful infringement claim on the '482 patent.

### SEVENTH DEFENSE (Limitation on Damages)

38. Upon information and belief, neither Chinook, any of its predecessors, nor any licensee marks or ever marked any products with the '482 patent.

39. Prior to the filing of the Complaint, Chinook never provided Hulu with any notice of Hulu's alleged infringement of the '482 patent.

40. Pursuant to 35 U.S.C. § 287, Chinook's damages, if any, are limited to the filing of the Complaint through patent expiration.

41. Chinook's claim for damages is limited by the provisions of 35 U.S.C. § 286.

## RESERVATION OF RIGHTS

42. Hulu reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery. Hulu reserves its rights to amend should it learn of additional defenses.

## COUNTERCLAIMS

1. Hulu counterclaims against Chinook as follows:

## PARTIES

2. Counterclaimant Hulu, LLC ("Hulu") is a Delaware corporation with a principal place of business located at 2500 Broadway, 2nd Floor, Santa Monica, California, 90404.

3. Upon information and belief, Counterclaim defendant Chinook Licensing DE, LLC ("Chinook") is a Delaware limited liability company with a place of business at 320 Wilmette Avenue, Glenview, Illinois 60025.

4. Upon information and belief, Chinook was formed on December 19, 2013, one day prior to filing suit against Hulu.

5. Upon information and belief, Chinook has no business operations aside from its attempts to monetize the '482 patent through litigation.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the Counterclaims under 28 U.S.C. §§ 2201, 2202, and 1338(a).

7. This Court has personal jurisdiction over Chinook at least because it filed the Complaint in this action.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and because Chinook commenced this action in this District.

## FIRST COUNTERCLAIM
(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,047,482)

9. Hulu repeats and re-alleges the foregoing paragraphs, as if fully set forth herein.

10. Chinook alleges in its Complaint that it is the lawful owner of all rights, title and interest in and to the '482 patent.

11. Chinook, by its Complaint, has charged Hulu with direct and indirect infringement of the '482 patent.

12. Hulu denies it infringes any valid and enforceable claim of the '482 patent, either directly or indirectly, either literally or under the doctrine of equivalents.

13. There exists, therefore, an actual controversy between Chinook and Hulu with respect to whether or not Hulu infringes the '482 patent.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Hulu seeks a judicial declaration that it does not infringe the '482 patent.

## SECOND COUNTERCLAIM
(Declaratory Judgment of Invalidity of U.S. Patent No. 7,047,482)

15. Hulu repeats and realleges the foregoing paragraphs, as if fully set forth herein.

16. Chinook claims the '482 patent is valid and enforceable.

17. The '482 patent, however, is invalid and void for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and 112 thereof.

18. The '482 patent is invalid because, among other things, there is prior art, including but not limited to prior art not considered by the U.S. Patent and Trademark Office in issuing the patent, that anticipates and/or renders obvious the claims of the '482 patent.

19. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Hulu seeks a judicial declaration that the '482 patent is invalid and/or void.

## PRAYER FOR RELIEF

WHEREFORE, Hulu prays for the following relief and judgment:

1. Dismissing with prejudice the Complaint against Hulu;

2. Declaring that Hulu does not infringe, either direct or indirectly, any claim of the '482 patent;

3. Declaring that the '482 patent is invalid, unenforceable, and/or void;

4. Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding to Hulu its attorneys' fees;

5. Awarding to Hulu its costs and disbursements of this action; and

6. Awarding such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Hulu requests a trial by jury on all claims and defenses properly decided by a jury.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | /s/ Jack B. Blumenfeld |
| | Jack B. Blumenfeld (#1014) |
| | 1201 North Market Street |
| | P.O. Box 1347 |
| | Wilmington, DE 19899 |
| | (302) 658-9200 |
| | jblumenfeld@mnat.com |
| OF COUNSEL: | *Attorneys for Defendant* |
| Matthew C. Bernstein | |
| Patrick J. McKeever | |
| PERKINS COIE LLP | |
| 11988 El Camino Real | |
| Suite 350 | |
| San Diego, CA 92130-3334 | |
| (858) 720-5700 | |

April 4, 2014
8145333.1

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 4, 2014, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                                           *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
Vanessa R. Tiradentes, Esquire
Sara E. Bussiere, Esquire
BAYARD, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
*Attorneys for Plaintiff*

Eugenio Torres-Oyola, Esquire                                                *VIA ELECTRONIC MAIL*
Cristina Arenas-Solis, Esquire
FERRAIUOLI LLC
221 Plaza 5th Floor
221 Ponce de León Ave.
San Juan, Puerto Rico 00917
*Attorneys for Plaintiff*

_____
Jack B. Blumenfeld (#1014)